UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **LUIS ALBERTO GARCIA-LOPEZ**, Fed. Reg. No. 32984-280, Movant, v. **UNITED STATES OF AMERICA**, Respondent. | §§§§§§§§§ EP-11-CV-005-KC<br>EP-09-CR-886-KC |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Luis Alberto Garcia-Lopez's ("Garcia") *pro se* motion to vacate, set aside, or correct a sentence under to 28 U.S.C. § 2255 [Docket No. 27].[1] In his motion, Garcia challenges his conviction, pursuant to his guilty plea, for importing five kilograms or more of cocaine into the United States from Mexico. Upon reviewing the record, the Court finds that it plainly appears that Garcia's motion is untimely and that he is not entitled to equitable tolling. Accordingly, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court will dismiss Garcia's motion as time-barred.[2] The Court will additionally decline to certify his issues for appeal.

### FACTUAL AND PROCEDURAL HISTORY

On March 10, 2009, Garcia applied for entry into the United States at the Paso Del Norte Port of Entry in El Paso, Texas. During a pre-primary inspection, a narcotics detection dog alerted to the odor of narcotics emanating from Garcia's car. Further inspection of the vehicle revealed ten bundles with a net weight of ten kilograms hidden in a compartment. The white powdery substance in the bundles tested positive for cocaine. After Immigration and Customs Enforcement agents advised Garcia of his *Miranda*

---

[1] "Docket" in this context refers to the criminal docket in cause number EP-09-CR-886-KC.

[2] *Cf. Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) ("[W]e hold that the district court was within its authority under Rule 4 and Rule 11 of the Rules Governing [28 U.S.C.] Section 2254 Cases when it raised the . . . statute of limitations defense *sua sponte*.").

rights in Spanish, he claimed that he thought the car contained about ten pounds of marijuana. Garcia explained that he agreed to take the illegal drugs into the United States in exchange for $500.

A grand jury sitting in the Western District of Texas, El Paso Division, returned a two-count indictment against Garcia. Count one alleged that he knowingly and intentionally imported five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(B). Count two alleged that he knowingly and intentionally possessed with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii).

Garcia's court-appointed attorney negotiated a plea agreement with the Government. Under its terms, Garcia agreed that he would plead guilty to count one, waive his right to appeal or collaterally attack his sentence, and admit to the factual basis in the plea agreement. The factual basis stated that "GARCIA now admits that he knowingly and intentionally imported over five kilograms of cocaine into the United States from Mexico."[3] In exchange, the Government agreed that it would not oppose downward adjustments for acceptance of responsibility or minor role. The Government also agreed that if Garcia truthfully provided information and evidence concerning the offense, it would move for a "safety valve" adjustment. The Court accepted Garcia's plea and entered its judgment on August 17, 2009, sentencing Garcia to fifty-five months' imprisonment followed by three years' non-reporting supervised release. Garcia did not appeal.

Adhering to the principle that *pro se* pleadings are construed liberally,[4] the Court understands Garcia to contend that he is entitled to relief because his attorney misled him into pleading guilty.

> Petitioner knowingly participated in a conspiracy to import marijuana. . . . His court-appointed attorney, however, misled the Petitioner by telling him that he was guilty of the cocaine found in his car just because the cocaine was there, regardless of Petitioner's claim of ignorance about the existence of the cocaine. Petitioner's will was so overcome by his counsel's legal arguments that he ended up entering a plea of guilty, looking for some mercy. Since Petitioner's plea was not supported by any factual basis and was the result of counsel's ineffective assistance, it should

---

[3] Plea Agreement 7 [Docket No. 16].

[4] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Case 3:11-cv-00005-KC   Document 1   Filed 01/12/11   Page 3 of 9

be vacated so that Petitioner may either enter a new plea for conspiracy to import marijuana, or take the case to trial with a different attorney.[5]

## LEGAL STANDARD

*A.     Section 2255*

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted."[6] Accordingly, "'[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"[7] Thus, before a court may grant relief pursuant to § 2255, the movant must establish "(1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack."[8]

*B.     Limitations*

Additionally, a § 2255 motion to vacate, set aside, or correct a sentence is subject to a one-year limitations period.[9] A federal prisoner must file his motion within one year from the date on which (1) the judgment became final; (2) the government-created impediment to filing the motion was removed; (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion; or (4) the petitioner could have discovered, through due

---

[5] Mem. in Supp. 6 [Docket No. 27-1].

[6] *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).

[7] *United States v. Gaudet,* 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

[8] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

[9] 28 U.S.C.A. § 2255(f) (West 2011).

diligence, the factual predicate for the motion.[10]  A court may raise the affirmative statute of limitations defense *sua sponte*.[11]

    C.    *Equitable tolling*

The one-year limitations period is not jurisdictional and is subject to equitable tolling.[12]  Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[13]  It is justified only "in rare and exceptional circumstances."[14]  Such circumstances include situations in which a movant is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[15]  Additionally, "'[e]quity is not intended for those who sleep on their rights.'"[16]  Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[17]  Moreover, a movant has the burden of proving that he is entitled to equitable tolling.[18]  In order to satisfy his burden, he must show "(1) that he

---

[10]    *Id.*; *United States v. Brown*, 305 F.3d 304, 306-07 (5th Cir. 2002).

[11]    *Kiser*, 163 F.3d at 329; *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) (allowing district courts to *sua sponte* consider the timeliness of a state prisoner's habeas petition).

[12]    *See Holland v. Florida*, -- U.S. --, --,130 S.Ct. 2549, 2560 (U.S. 2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases."). *See also United States v. Flores*, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998) ("Because of the similarity of the actions under sections 2254 and 2255, they have traditionally been read in pari materia where the context does not indicate that would be improper.").

[13]    *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[14]    *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[15]    *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[16]    *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[17]    *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992)).

[18]    *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.[19]  Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[20]

With these principles in mind, the Court turns to Garcia's Motion to Vacate.

## ANALYSIS

In most cases, the § 2255 limitations period begins to run when the judgment of conviction becomes final.[21]  A judgment becomes final when the applicable period for seeking direct review expires.[22]  In this case, the Court entered its judgment on Monday, August 17, 2009, and Garcia's conviction became final on Monday, August 31, 2009, the last day on which he could have appealed to the Fifth Circuit Court of Appeals.[23]  Accordingly, Garcia's time period for filing a § 2255 motion within one year after his conviction became final expired on Tuesday, August 31, 2010.  Garcia constructively filed

---

[19]  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[20]  *Cousin*, 310 F.3d at 848.

[21]  28 U.S.C.A. § 2255(f)(1); *Dodd v. United States*, 545 U.S. 353, 357 (2005).

[22]  *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

[23]  *See* FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); *see also United States v. Johnson*, 457 U.S. 537, 542 n. 8 (1982) (noting that a conviction is final when the availability of further appeal is exhausted); FED. R. APP. P. 26(a) ("Computing Time. The following rules apply in computing any period of time specified in these rules . . . . (1) Exclude the day . . . that begins the period. (2) Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days . . . (3) Include the last day of the period unless it is a Saturday, Sunday, legal holiday.").

his motion on Thursday, December 30, 2010,[24] the day on which he signed and presumably mailed it.[25] Thus, Garcia filed his motion four months beyond the deadline. Garcia concedes that he filed his § 2255 motion more than one-year after his conviction became final.[26] Moreover, he does not claim that the Government created an impediment to filing his motion to vacate, the Supreme Court recognized a new right or he recently discovered the factual predicate for his motion to vacate through the exercise of due diligence. Thus, Garcia's motion to vacate is untimely, and must be denied, unless equitable tolling applies.

Garcia argues that he is entitled to equitable tolling of the limitations period because his legal file "[g]ot [l]ost" during his transfer from one facility to another.[27]

> Movant respectfully asserts that he is entitled to equitable tolling during the 14 months and 19 days . . . between August 28, 2009, when his conviction became final, and November 16, 2010, the date when he received his legal file from the office of his Court-appointed attorney. Alternatively, Movant asks that the limitations period be equitably tolled from October 19, 2009, the date when he handles [sic] his legal file to the U.S. Marshals, and November 16, 2010, the date when he received [a] copy of his legal file from his attorney's office. . . . Movant believes the complete deprivation of his legal file for that period of time constitutes an "extraordinary circumstance" sufficient to warrant equitable tolling.[28]

The lack of legal materials "[c]ombined with forced confinement and medication . . . and the temporary loss of one's glasses" may " support equitable tolling of a limitation period."[29] In this case,

---

[24]   The District Clerk actually filed Garcia's motion to vacate on Wednesday, January 5, 2011.

[25]   A *pro-se* prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir.1998)).

[26]   Mem. in Supp. 8 [Docket No. 27-1].

[27]   *Id*. at 10.

[28]   *Id*. at 9, 14.

[29]   *Fisher*, 174 F.3d at 715.

however, all that Garcia claims is that he did not have documents from his underlying criminal proceedings for approximately thirteen months. He does not assert that the unavailability of these documents made him unable to work on his motion. Moreover, he maintains that he knew the factual predicates to his claims at the time he entered his plea or well before the expiration of the one-year deadline for filing his motion.[30] Thus, he could have timely asserted his claims without his legal file. In short, his difficulty in obtaining the papers, without more, is simply not the type of "rare and exceptional" circumstance that would entitle him to tolling.[31] Accordingly, the Court finds Garcia's motion to vacate is time-barred, and the Court need not address the merits of his claims.

### EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief.[32] The record in this case is adequate to dispose fully and fairly of Garcia's motion. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

### CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[33] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[34] In other words, a certificate of appealability

---

[30] *Id.* at 715 n.14.

[31] *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).

[32] *Cf. United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

[33] 28 U.S.C.A. § 2253(c)(1) (West 2011).

[34] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which certificate of appealability is granted.[35]  Although Garcia has not yet filed a notice of appeal, this Court nonetheless must address whether he is entitled to a certificate of appealability.[36]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[37]  To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[38]  Here, Garcia's motion to vacate fails because he cannot establish that reasonable jurists could conclude that it is not time-barred.  Accordingly, Garcia is not entitled to a certificate of appealability .

## CONCLUSION AND ORDERS

For the reasons stated, the Court concludes Garcia's motion to vacate is untimely.  The Court further concludes that Garcia is not entitled to a certificate of appealability.  Accordingly, the Court enters the following orders:

1. Movant Luis Alberto Garcia-Lopez's *pro se* motion to vacate, set aside, or correct a sentence under to 28 U.S.C. § 2255 [Docket No. 27] is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

---

[35] 28 U.S.C.A. §2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues).

[36] *See* 28 U.S.C.A. § 2255 PROC. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[37] 28 U.S.C.A. § 2253(c)(2).

[38] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to certificate of appealability determination in context of § 2255 proceedings).

2. Movant Luis Alberto Garcia-Lopez's is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

3. All pending motions in this cause, if any, are **DENIED AS MOOT.**

**SO ORDERED.**

**SIGNED** this 12th **day of January, 2011**.

*/s/ Kathleen Cardone*
_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE